### O'NEIL BROTHERS, INC.
#### vs.
### GESNER EQUIPMENT CORPORATION

### AUGUST TILLERT
#### vs.
### GESNER EQUIPMENT CORPORATION

Superior Court      New Haven County      File #52891
#52797

MEMORANDUM FILED APRIL 12, 1938.

F. J. LeRoy, of Hartford, and Samuel H. Platcow, of New

Haven, for the Plaintiffs.

William B. Turley, of New Haven; David M. Reilly, of New Haven, and Omar W. Platt, of Milford, for the Defendant.

FOSTER, J.   These two cases were tried together.

The Court finds the following facts:   On or about July 1, 1936 O'Neil Brothers, Inc., (hereinafter called the contractor) was engaged in constructing a sewer and in doing other work in Milford.   The contractor, having need of a concrete mixer, hired one from the defendant, the defendant having knowledge of the use for which it was intended.   The concrete mixer was delivered to the contractor by the defendant on the morning of July 1, 1936.   A general description of the concrete mixer is that it consists of a cylindrical part, in which sand, stone and gravel are mixed by mechanical means; a hopper attached to the outside of the cylinder by hinges; a gas engine furnishing power for the operation of the whole apparatus.   The hopper may be dropped to the ground, where it is loaded with the ingredients, and it is then raised by power upon its hinges, so that its load is dumped into the mouth of the cylinder.

Shortly after delivery of the apparatus to the contractor, it was found defective, and the defendant was notified of such fact.   The defendant immediately sent a mechanic, who found that the timing of the engine was defective, and he repaired it.   The apparatus was then used by the employees of the contractor.   Later in the day the contractor again notified the defendant that the apparatus was defective, and again the defendant sent the mechanic to examine it and to repair the defect.   The mechanic discovered that, since his former visit, the apparatus had been misused and damaged.   He repaired the damage that he then found, and such repair having been completed, the concrete mixer was then in proper condition to do the work for which it was intended.

Employees of the contractor later loaded the hopper, and an employee of the contractor, using the mechanical devices attached to the apparatus, raised the loaded hopper, intending to dump the load into the cylinder.   Such employee had

failed to turn the cylinder into proper position for receiving the load from the hopper. Such employee might have caused such loaded hopper to remain raised by use of the clutch or by use of a brake or by adjusting a dog. While the loaded hopper was in such raised position, August Tillert, an employee of the contractor, stepped under the raised hopper to scrape stones and gravel from the ground. The operator of the apparatus shouted to Tillert to warn him of his apparent danger, if and when the hopper should come down to the ground. The noise of the operation of the apparatus was such that Tillert did not hear the warning, whereupon the operator tried to reach him with his hand, even picking up a pail to strike him, in order to give him a warning. While the operator was engaged in trying to warn Tillert of his danger, he lost control of the apparatus and the hopper fell upon Tillert, causing him injury.

At the time Tillert was injured the concrete mixer was fit for the purpose for which it was intended. One of the proximate causes of Tillert's injuries was negligence of an employee of the contractor. Tillert was guilty of contributory negligence that was a proximate cause of his injuries.

Judgment may be entered in favor of the defendant in each case.